NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER-BALDEMAR MARTIN-PEREZ, | No. 21-70320 |
| Petitioner, | Agency No. A200-151-677 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2022**
Seattle, Washington

Before: IKUTA and MILLER, Circuit Judges, and PREGERSON,*** District Judge.

Walter-Baldemar Martin-Perez, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

immigration judge's decision finding him to be not credible and denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under this standard, the agency's findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (citing 8 U.S.C. § 1252(b)(4)(B)). In assessing an adverse credibility finding, we look to the "totality of the circumstances . . . and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

1.  The Board found that Martin-Perez was not credible because his testimony conflicted with his written declaration and the background materials he submitted. Martin-Perez testified that, about a year before he arrived in the United States in August 2011, he was beaten after voting in a mayoral election. His declaration, however, stated that he was beaten two months before entering the United States. While we have held that an "utterly trivial inconsistency" in dates that has no "bearing on a petitioner's veracity" should not support an adverse credibility finding, *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014) (internal

2

quotation marks and citation omitted), we have also "recognized that an IJ may rely upon an inconsistency in a 'crucial date' concerning 'the very event upon which [a petitioner] predicated his claim,'" *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) (alteration in original) (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)).

Additionally, though Martin-Perez maintained that the mayoral election took place in 2010, he submitted country conditions evidence that indicated the elections occurred in September 2011. He argues that because nothing in these reports states that *all* mayoral elections took place in September 2011, the Board erred in concluding that they conflict with Martin-Perez's testimony. But we cannot say that his background materials compel the conclusion that the Board was mistaken in concluding that the elections occurred in 2011, and not in 2010 as Martin-Perez claimed. *See Ren*, 648 F.3d at 1083.

The Board also based its adverse credibility finding on Martin-Perez's failure to testify about an incident in which soldiers burned down his parents' home. This incident appeared in his declaration, but he did not mention it on direct or cross-examination, despite being asked multiple times whether his family had ever been harmed. In the end, he described the event only after a direct question from the immigration judge. Martin-Perez argues that this "omission" of details should not form the basis of an adverse credibility finding, but the Board

reasonably relied on his failure "to mention critical facts in a way that was inconsistent with [his] declaration." *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014), *overruled on other grounds by Alam*, 11 F.4th at 1137.

Finally, Martin-Perez argues that the Board impermissibly ignored or rejected his explanations for these discrepancies. The Board, however, stated that it "considered all of [his] contentions on appeal" but did not find them persuasive, a finding that is supported by substantial evidence. In addition, because Martin-Perez did not satisfy the immigration judge that his testimony was credible, the immigration judge did not have to "give [him] notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Ren*, 648 F.3d at 1093. We reject Martin-Perez's argument to the contrary. Because Martin-Perez does not argue that he is eligible for relief in the absence of credible testimony, substantial evidence supports the Board's conclusion that he has not established his eligibility for withholding of removal.

2. "An adverse credibility determination is not necessarily a death knell to CAT protection" because even where an applicant is not credible, "country conditions alone can play a decisive role in granting relief under the Convention." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (internal quotation marks and citations omitted). The immigration judge denied Martin-Perez's claim for

CAT relief "[a]s a consequence of the negative credibility determination" and did not discuss his country conditions evidence. After Martin-Perez raised this issue on appeal, the Board considered the evidence and held that the reports did not establish that he would face a "particularized risk of harm severe enough to constitute torture" if he were returned to Guatemala. The reports in the record do not compel a contrary conclusion. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**